United States District Court
Western District of Texas
Waco Division

United States of America,
     Plaintiff,

    v.                                                    No. W-08-CR-00174-ADA-1

Fred Andrew Ramos
     Defendant.

### Government's Response to Defendant's Sentence-Reduction Motion

Defendant Fred Andrew Ramos is currently serving a prison term based on his convictions for Possession with intent to Distribute Crack Cocaine, Possession of a Firearm during the commission of a drug trafficking crime and two counts of Possession of a Firearm by a convicted Felon. Defendant has moved under 18 U.S.C. § 3582(c)(1)(A) for a reduction in his term of imprisonment.

For three independent reasons, this Court should deny Defendant's motion. First, Defendant has failed to show the sort of extraordinary and compelling reasons that would warrant a reduction. Second, Defendant has failed to show he is not a danger to any other person or the community. Third, Defendant has failed to show that the statutory sentencing factors outlined in 18 U.S.C. § 3553(a) would support a reduced prison term.

### Background

#### A.    Defendant's Offense, Criminal History, and Sentence

In 2009, Defendant was convicted of Possession with intent to Distribute Crack Cocaine, Possession of a Firearm during the commission of a drug trafficking crime and Possession of a Firearm by a convicted Felon. (ECF No 38.) On July 11, 2008, Defendant was found with distributable quantities of Crack cocaine and a firearm. When he was later indicted in October 2008 on this charge, arresting officers once again found him with a firearm. Defendant was a convicted felon and on parole during both of the incidents. Defendant pleaded guilty to the offenses and was sentenced to 240 months for Possession with intent to Distribute Crack

Cocaine, 60 months consecutive for Possession of a Firearm during the commission of a drug trafficking crime and 120 months for two counts of Possession of a Firearm by a convicted Felon to be run concurrently with his 240 months sentence for Possession with intent to Distribute Crack Cocaine.  (ECF No 37.)  Effectively, Defendant received a 300-month sentence for all of his counts of his conviction combined.

Defendant was previously convicted of Unlawful Carrying of a weapon in 1998 at the age of 18, Driving while intoxicated, Burglary of a Habitation, Possession of a Controlled Substance (Cocaine), evading arrest with a vehicle, again for evading arrest with a motor vehicle and possession of a controlled substance in 2004.  Defendant was released from state prison onto parole on January 4, 2008, only months before he committed the offenses underlying the conviction leading to the sentence defendant now seeks to challenge.  (PSIR ¶ 47).  It is also worth noting that Defendant was arrested, once again, for evading arrest between the two separate events that made up this indictment.  (PSIR ¶ 55).

Based on Defendant's conduct and criminal history, the guideline range was 262 to 327 months for Counts One, Three and Four and at least 60 months consecutive for Count Two. (PSR ¶ 92.) After considering the sentencing factors in 18 U.S.C. § 3553(a), this Court selected a below guideline prison term of 240 months for Counts One, Three and Four followed by 60 months for Count Two, for a total of 300 months. (Judgment, ECF No. 37.)

### B.    Defendant's Current Term of Imprisonment

Defendant has now served about 160 months, or about 53%, of his current prison term. He is currently scheduled for release in April, 2031. *See* Fed. Bureau of Prisons, Find an inmate, https://www.bop.gov/inmateloc/ (last visited February 11, 2022).

### C.    Defendant's Previous Motions

Defendant appealed his sentence after conviction.  The Fifth Circuit denied his appeal on June 11, 2010.  (ECF No. 49.)  On June 8, 2016, Defendant filed a Motion to Vacate under 28 USC § 2255.   (ECF No. 52.)  This motion was later amended, but eventually withdrawn and ultimately denied by this Court, United States District Judge Robert Pitman presiding.  (ECF Nos. 54, 57-59.)

### D.    Defendant's Current Motion

On December 10, 2021, Defendant filed a motion with this Court seeking a sentence reduction under § 3582(c)(1)(A). (Def. Mot. 1, ECF No. 62).  He does not raise a Covid issue, but rather seeks relief because he claims he was sentenced under the Armed Career Criminal Act and U.S.S.G.  sentencing enhancements that were used to increase his punishment dramatically but are no longer valid by virtue of *United States v. Johnson*, 135 S. Ct. 2551 (2015).

<h3 style="text-align:center">Argument</h3>

A district court "generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). That general rule is subject to exceptions "in limited circumstances," *id.* at 824, including when a defendant can meet the requirements of 18 U.S.C. § 3582(c)(1)(A). As the movant, Defendant bears the burden to establish that he should receive a sentence reduction. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014). he has not done so.

Although Defendant has exhausted administrative remedies, Defendant has failed to show the sort of extraordinary and compelling reasons that would warrant a reduction. Defendant has also failed to show he is not a danger to any other person or the community or that the statutory sentencing factors outlined in 18 U.S.C. § 3553(a) would support a reduced prison term.

**U.S. Response to Sentence-Reduction Motion**                                            **3**

I.      **Defendant has not identified extraordinary and compelling reasons for a sentence reduction.**

A court can grant a sentence reduction under § 3582(c)(1)(A) only if "extraordinary and compelling reasons" justify the reduction. The Fifth Circuit has explained that the policy statement in section 1B1.13 of the Sentencing Guidelines, although not dispositive, "informs [a court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021), *cert. denied*, No. 20-7832, 2021 WL 2044647 (U.S. May 24, 2021).[1] Defendant has not identified any reason for a sentence reduction that this Court, informed by the commentary to section 1B1.13, should recognize as extraordinary and compelling.

To begin, Defendant was not sentenced under the Armed Career Criminal Act, as he asserts in his motion.  As this Court noted in its denial of Defendant's 2255 motions,

> Defendant was sentenced under the United States Sentencing Guidelines and was not sentenced under the Armed Career Criminal Act. Pursuant to *Beckles v. United States*, 137 S. Ct. 886 (2017), the Guidelines are not subject to vagueness challenges under the Due Process Clause.

ECF 58.

Accordingly, Defendant is merely challenging his sentence in light of the change in the United States Sentencing guidelines that occurred years after he was sentenced.  After *Johnson*, the Sentencing Commission did in fact Amend the guidelines to strike the residual clause of the crime of violence definition U.S.S.G. § 4B1.2(a)(2).

Defendant has already sought to litigate this issue, however.  Defendant's challenge to his sentence due to this change in the Guidelines has already been denied by this Court in his 2255

---

[1] A subsequent panel of the Fifth Circuit held that "neither the policy statement nor the commentary to it binds a district court addressing a prisoner's own motion" for a sentence reduction. *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Any argument that *Shkambi* precludes consideration of the policy statement would be inaccurate. The prior panel opinion in *Thompson*, which recognizes that the policy statement informs courts' analyses of sentence-reduction motions, governs. *See United States v. Smith*, 354 F.3d 390, 399 (5th Cir. 2003) (explaining that prior panel decisions control). The government maintains that the commentary is authoritative and binding.

motion.  ECF 58.  Moreover, the Fifth Circuit has ruled that this amendment has "none of the characteristics of a change that, according to our case law, is retroactive rather than substantive and thus prospective."  Thus, Defendant cannot avail himself of the amendment. *See United States v. Gonzales*, 714 F. App'x 367, 370–71 (5th Cir. 2017).

Defendant's motion does not identify anything that rises to the level of extraordinary or exceptional, as Defendant, like many other defendants, merely seeks to avail himself of a change to the guidelines that quite simply does not apply to him.

## II.    Defendant has not shown that he is not a danger to the safety of any other person or the community.

Were the Court to reconsider Defendant's sentence, however, Defendant has failed to show that he is not a danger.  The policy statement that informs courts' analysis of sentence-reduction motions directs courts to consider whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." USSG § 1B1.13(2).  Section 3142(g) directs a court to consider factors such as the nature and circumstances of the defendant's offense and the defendant's history and characteristics. 18 U.S.C. § 3142(g).

Defendant has not shown he would not pose a danger if released.  Defendant has a history of extremely dangerous conduct, ranging from several instances of evading law enforcement, burglary, possession of controlled substances and weapons.  Notably, Defendant was only out of custody for six months and on parole when he began committing the crimes leading to this conviction.  He was released from state prison on January 8, 2008.  PSIR ¶47.  On July 11, 2008 he as was distributed crack cocaine, as an armed convicted felon.  PSIR ¶6-16.  Defendant was indicted for those offenses, and when officers when to arrest him, he had rearmed himself once again.  PSIR ¶17-18.  Intervening those two events in 2008, Defendant was once again arrested for evading arrest.  PSIR ¶55.

As the offense conduct and criminal history of Defendant shows, Defendant has been committing serious and dangerous criminal offenses since the age of 18.  He has no notable or significant amount of time between his first offense and the instant behavior leading to

**U.S. Response to Sentence-Reduction Motion**                                                    **5**

indictment in this case where he was not committing, under supervision or in prison for a serious and dangerous criminal offense.  Defendant was and is a danger to the community.

### III.    Defendant has not shown that the sentencing factors in 18 U.S.C. § 3553(a) support a reduced prison term.

This Court must also consider the sentencing factors in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020). At Defendant's sentencing, this Court determined that those factors supported his current sentence of 300 months. (Judgment 2.) Those factors continue to support that sentence rather than the reduced sentence Defendant seeks.

- **Nature and circumstances of offense, § 3553(a)(1), and seriousness of offense, § 3553(a)(2)(A).** The nature, circumstances, and seriousness of Defendant's offense remain unchanged and reinforce the just nature of this Court's sentence. Defendant was convicted of not one, but two instances of being a felon in possession and on one of those instance Defendant possessed distributable amounts of crack cocaine at the same time.  Given the seriousness of the conduct, Defendant was fortunate already that the Court awarded a below guideline sentence as to Counts One, Three and Four to be followed by the 60-month sentence in Count Two, which could have led to a life sentence.

- **Defendant's history and characteristics, § 3553(a)(1).**
  Defendant was previously convicted of Unlawful Carrying of a weapon in 1998 at the age of 18, Driving while intoxicated, Burglary of a Habitation, Possession of a Controlled Substance (Cocaine), evading arrest with a vehicle, again for evading arrest with a motor vehicle and possession of a controlled substance in 2004. Defendant was released from state prison onto parole on January 4, 2008, only months before he committed the offenses underlying the conviction leading to the sentence defendant now seeks to challenge.  (PSIR ¶ 47).  Defendant had a

Criminal History Category VI at the time of his sentencing, when he was only 29 years old.  PSIR p.3.

- **Need to protect public and deter further crimes, § 3553(a)(2)(B)-(C).** Defendant was only out of custody for six months and on parole when he began committing the crimes leading to this conviction.  He was released from state prison on January 8, 2008.  PSIR ¶47.  On July 11, 2008, he as was distributed crack cocaine, as an armed convicted felon.  PSIR ¶6-16.  Defendant was indicted for those offenses, and when officers when to arrest him, he had rearmed himself once again.  PSIR ¶17-18.  Intervening those two events in 2008, Defendant was once again arrested for evading arrest.  PSIR ¶55. Defendant was and is a danger to the community and has never stopped committing significant crimes as an adult unless he was in prison.

- **Sentencing guidelines and unwarranted sentencing disparities, § 3553(a)(3)-(6).** The reduction Defendant seeks would ignore the sentencing guidelines and result in a sentence dramatically less than the 262- to 327-month sentence those guidelines recommended. (PSR ¶ 92.) By ignoring the guidelines, a reduced sentence would disregard the need to avoid unwarranted sentence disparities among similarly situated defendants. *See Hughes v. United States*, 138 S. Ct. 1765, 1774 (2018) ("A principal purpose of the Sentencing Guidelines is to promote uniformity in sentencing imposed by different federal courts for similar criminal conduct.") (cleaned up).  Moreover, Defendant already received a benefit at his original sentence when the Court chose to go below those guidelines and give Defendant a 240-month sentence on Counts One, Three and Four and a sentence of 60 months on Counts Two.

In sum, Defendant has failed to show that the sentencing factors in § 3553(a) support the reduced sentence he seeks.

**Conclusion**

For all these reasons, this Court should deny Defendant's motion. Should the Court instead grant the motion, this Court should ensure that its order allows for the 14-day quarantine period described above.

Respectfully submitted,

Ashley C. Hoff
United States Attorney

By:    */s/ Christopher M. Blanton*
Christopher M. Blanton
Assistant United States Attorney

**Certificate of Service**

I certify that on February 14, 2022, I electronically filed this document with the Clerk of Court using the CM/ECF system.

☒  I also certify that I have mailed this document by United States Postal Service to the following non-CM/ECF participant(s):

Fred Andrew Ramos
USP Lee
PO BOX 305
JONESVILLE, VA 24263

*/s/ Christopher M. Blanton*
Christopher M. Blanton
Assistant United States Attorney