UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | NO. W-08-CR-00174-ADA-1 |
| v. | § | |
| FRED ANDREW RAMOS, | § | |
| Defendant. | § | |

**ORDER**

Before the Court is Movant Fred Andrew Ramos's First Step Act Motion for Sentence Reduction and/or Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) and 18 U.S.C. § 3553(a) (ECF No. 62), filed on December 10, 2021. The government filed its response to the Motion on February 14, 2022 (ECF No. 64). Ramos did not file a Reply. After reviewing Petitioner's Motion, the Government's Response, and the applicable law, the Court **DENIES** the Motion for the reasons stated below.

**I. PROCEDURAL BACKGROUND**

On January 29, 2009, Ramos pled guilty to all four counts: Possession with intent to Distribute Crack Cocaine, Possession of a Firearm during the commission of a drug trafficking crime, and two counts of Possession of a Firearm by a convicted Felon. ECF No. 62 at 4. Following his guilty plea on July 11, 2008, this Court sentenced Ramos to 25 years in prison. ECF No. 64 at 2. Ramos is presently 32 years old and has now served about 160 months, or about 53%, of his current prison term and is scheduled for release in April 2031. *Id*. at 2.

On July 11, 2008, law enforcement officers found Ramos with distributable quantities of crack cocaine and a firearm. *Id*. at 1. This Court indicted Ramos in October 2008 on this charge, and arresting officers once again found him with a firearm. *Id*. at 2. Ramos was already a convicted

1

felon and on parole during both incidents. *Id*. Ramos pleaded guilty to the offenses. ECF No. 62 at 4. Based on Ramos's conduct and criminal history, the guideline range was 262 to 327 months for Counts One, Three, and Four and at least 60 months consecutive for Count Two. ECF No. 64 at 2.

This Court sentenced Ramos to a total of 300 months. *Id*. He received 240 months for Possession with intent to Distribute Crack Cocaine, 60 months consecutive for Possession of a Firearm during the commission of a drug trafficking crime, and 120 months for two counts of Possession of a Firearm by a convicted Felon to be run concurrently with his 240-month sentence for Possession with intent to Distribute Crack Cocaine. *Id*.

Before Ramos's current arrest and conviction, he had previously been convicted of Unlawful Carrying of a weapon in 1998 at 18. *Id*. In 2004 Ramos was also convicted of Driving while intoxicated, Burglary of a Habitation, twice for Possession of a Controlled Substance (Cocaine), and twice for evading arrest with a motor vehicle. *Id*. Ramos was released from state prison with parole on January 4, 2008, and a few months later, he committed the underlying offenses the conviction he now seeks to challenge. *Id*. It is also worth noting that law enforcement officers once again arrested Ramos for evading officers on the two separate occasions that made up this indictment and specific conviction. *Id*.

On December 10, 2021, Ramos filed a motion with this Court seeking a sentence reduction under § 3582(c)(1)(A). ECF No. 62. He seeks relief from the idea that he was sentenced under the Career Offender enhancement of the United States Sentencing Guidelines Manual and the Armed Career Criminal Act. ECF No. 62 at 3. Ramos argues that these were used to increase his punishment dramatically but are no longer valid by virtue of *Johnson v. United States*, 576 U.S. 591 (2015). *Id*.

## II.  STANDARD OF REVIEW

In 2018, Congress enacted the First Step Act ("FSA"). The FSA contains a compassionate release statute that grants sentencing courts authority to reduce an otherwise final term of imprisonment for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A). Section 3582(c)(1)(A) provides:

> (1) in any case—
>
>   (A) the court, … upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf … , may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>     (i) extraordinary and compelling reasons warrant such a reduction . . .
>
>   and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id*. (emphasis added). Put simply, courts must consider the 3553(a) factors and an applicable policy statement issued by the sentencing commission.

Section 3553(a) lists several factors for courts to consider when imposing (or reassessing) a sentence:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
>   (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
>   (2) the need for the sentence imposed—
>
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>     (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; …

  (5) any pertinent policy statement—

    (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, and …

  (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

18 U.S.C. § 3553(a) (emphasis added). Like § 3582, § 3553(a) prioritizes pertinent policy statements issued by the sentencing commission when making or reevaluating sentences.

  The applicable policy statement is found in Section 1B1.13 of the Sentencing Guidelines. Section 1B1.13 first requires that "the defendant is not a danger to the safety of any other person or to the community" in order for extraordinary or compelling reasons to exist. USSG § 1B1.13, Note 1. Extraordinary and compelling reasons exist based on–

  (B) Age of Defendant–The defendant:

    (i) is at least 65 years old;

    (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and

    (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

USSG § 1B1.13 cmt. n.1(B). If a prisoner poses no threat to the public safety and suffers from a particularly debilitating physical or mental illness, he is eligible for compassionate release under § 3582.

  Generally, the defendant carries the burden to show the circumstances that make compassionate release an appropriate remedy. *United States v. Heromin*, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019).

## III. DISCUSSION

**A. This Court has jurisdiction over the matter.**

Section 3582 states that a court may consider the "motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf." 18 U.S.C. § 3582(1)(A). Ramos has exhausted his administrative remedies. ECF No. 64 at 3. On November 4, 2021, Ramos requested a favorable recommendation to reduce his sentence and/or compassionate release. ECF No. 62 at 4. Because the government did not respond within 30 days from the receipt of the request, Ramos's motion is proper before this Court. *United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021).

**B. Ramos has not established that he is not a danger to others in the community, and the government has proven otherwise.**

For there to be extraordinary and compelling reasons for compassionate release, the sentencing guidelines first require that the defendant prove he "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2). Ramos has not carried this burden, and the government has presented contrary evidence to show that Ramos still presents a danger to the community.

Ramos has not shown he would not pose a danger if released. As Ramos's conduct and criminal history show, he has committed serious and dangerous criminal offenses since he was 18. Ramos's dangerous behavior and conduct range from multiple attempts to evade law enforcement officers, which ended with burglary and controlled substances and weapons possession. The last time Ramos was released from state prison and not under government custody and on parole, he committed a litany of crimes in six months. On July 11, 2008, law enforcement apprehended Ramos for distributing crack cocaine while armed as a convicted felon. ECF No. 64 at 5. The court indicted Ramos, and when law enforcement officers came to arrest Ramos, he had rearmed

5

himself. *Id*. In 2008 when Ramos was free, he was also arrested for evading law enforcement arrest. *Id*. This Court finds Ramos's sentence will not be vacated or reduced because Ramos is still dangerous. This Court finds if it releases Ramos from prison, the Court would be responsible for the danger Ramos would so create.

**C. Ramos has not identified an extraordinary and compelling circumstance justifying a reduction in his sentence and/or compassionate release.**

The sentencing guidelines provide that an extraordinary and compelling reason for compassionate release exists if the defendant is older than 65 and is "experiencing a serious deterioration in physical . . . health because of the aging process," U.S. Sentencing Comm'n, Guidelines Manual, § 1B1.13 cmt. n.1(B) (Nov. 2018) ("2018 USSG"). Although this standard is not binding, it should assist in a judicial analysis to determine "extraordinary and compelling reasons." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021).

Ramos's Motion has not identified any circumstance that rises to the level of extraordinary or compelling necessary for a reduction and/or a compassionate release. While Ramos has served at least ten years of his term of imprisonment, he is not at least 65 years old, nor has he communicated that he is "experiencing a serious deterioration in physical or mental health because of the aging process." *See* USSG § 1B1.13 cmt. n.1(B). Ramos's extraordinary and compelling reasons to gain a sentence reduction and/or a compassionate release stem from his claim that the court sentenced him under the Armed Career Criminal Act. In its denial of Ramos's § 2255 motions, this Court noted: "Defendant was sentenced under the United States Sentencing Guidelines and was not sentenced under the Armed Career Criminal Act. Pursuant to *Beckles v. United States*, 137 S. Ct. 886 (2017), the Guidelines are not subject to vagueness challenges under the Due Process Clause." ECF No. 58 at 1.

6

Accordingly, Ramos is merely challenging his sentence in light of the change in the United States Sentencing guidelines that occurred years after his sentencing. After the *Johnson* ruling, the Sentencing Commission did amend the guidelines to strike the residual clause of the crime of violence definition U.S.S.G. § 4B1.2(a)(2).

The problem is that Ramos has already sought to litigate this issue. Ramos previously challenged his sentence under the United States Sentencing guidelines change. This Court has already denied his § 2255 motion. ECF No. 58. Moreover, the Fifth Circuit has ruled that this amendment has "none of the characteristics of a change that, according to our case law, is retroactive rather than substantive and thus prospective." Thus, Ramos cannot avail himself of the amendment. *See United States v. Gonzales*, 714 F. App'x 367, 370–71 (5th Cir. 2017).

**D. Ramos has not shown that the § 3553(a) standards permit reducing his sentence and/or releasing him from his sentence.**

Ramos has also failed to show that his condition presents an extraordinary and compelling reason for compassionate release based on the relevant § 3553(a) factors.

First, courts look at "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). In 1998, Ramos, at the age of 18, was convicted of Unlawful Carrying of a Weapon. ECF No. 64 at 2. In 2004, Ramos was convicted for Driving while intoxicated, Burglary of a Habitation, twice for Possession of a Controlled Substance, and twice for evading arrest with a motor vehicle. Ramos was released from state prison on January 4, 2008. A few months later, he committed the underlying offenses which led to his conviction Ramos now seeks to challenge. *Id*. Additionally, Ramos had a Criminal History Category VI at the time of his sentencing, when he was only 29 years old. *Id*. at 7. Ramos's crime was serious and still is serious to merit a 25-year sentence.

Second, courts consider "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A)-(B). Ramos was convicted not once, but twice for being a felon in possession. On one of those instances, Ramos possessed distributable amounts of crack cocaine at the same time. Since the age of 18, when Ramos has not been under government confinement, Ramos has broken many laws that have put both the general public and law enforcement officers in danger.

Third, courts also look at the need "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). Ramos was only out of prison for six months and still on parole when he began committing the crimes which led to his conviction. ECF No. 64 at 7. He was released from state prison on January 8, 2008. *Id*. On July 11, 2008, law enforcement officers caught Ramos, a convicted felon, distributing crack cocaine while armed. *Id*. This Court indicted Ramos for those offenses, and when officers went to arrest him, he had rearmed himself. *Id*. When Ramos was free from prison and sent back for his current crimes, he was also arrested for evading law enforcement officers. *Id*. Ramos was and still is a danger to the community and has never stopped committing significant crimes as an adult unless behind bars.

Finally, courts must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). A reduction of Ramos's sentence would ignore sentencing guidelines and result in a sentence dramatically less than the 262 to 327 months sentence recommended. ECF No. 64 at 2. Additionally, this Court already awarded Ramos a sentence below the guidelines as to Counts One, Three, and Four to be followed by the 60-month sentence in Count Two, which could have led to a life sentence.

Reducing Ramos's sentence would ignore the sentencing guidelines and cause unwarranted sentence disparities among similarly situated defendants by ignoring the guidelines. *See Hughes v. United States*, 138 S. Ct. 1765, 1774 (2018) ("A principal purpose of the Sentencing Guidelines is to promote uniformity in sentencing imposed by different federal courts for similar criminal conduct.") (cleaned up). Moreover, Ramos had already received a benefit from his original sentence when this Court chose to go below the sentencing guidelines and give Ramos a 240-month sentence on Counts One, Three, and Four and a sentence of 60 months on Counts Two.

Ultimately, the § 3553(a) factors do not permit Ramos's sentence reduction.

## IV. CONCLUSION

Having considered 18 U.S.C. § 3582(c)(1)(A) and 18 U.S.C. § 3553(a), the Court finds that a sentence reduction is inappropriate in Ramos's case. Accordingly, it is hereby **ORDERED** that Ramos's Motion to Reduce Sentence is **DENIED**.

**SIGNED** this 19th day of May 2021.

_____
ALAN D ALBRIGHT

UNITED STATES DISTRICT JUDGE