United States District Court
Western District of Texas
Waco Division

| | |
|---|---|
| United States of America<br>Plaintiff<br><br>v.<br><br>Fred Andrew Ramos<br>Defendant | No. W-08-CR-00174-ADA-1 |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO REDUCE**

Defendant, Fred Andrew Ramos, is serving a prison term based on his conviction for Possession with intent to Distribute Crack Cocaine, Possession of a Firearm during the commission of a drug trafficking crime and two counts of Possession of a Firearm by a convicted Felon. Defendant has moved under 18 U.S.C. § 3582(c)(1)(A) for a reduction in his term of imprisonment.

For three independent reasons, this Court should deny Defendant's motion. First, Defendant has failed to show the sort of extraordinary and compelling reasons that would warrant a reduction. Second, Defendant has failed to show he is not a danger to any other person or the community. Third, Defendant has failed to show that the statutory sentencing factors outlined in 18 U.S.C. § 3553(a) would support a reduced prison term.

## Background

### A. Defendant's Offense, Criminal History, and Sentence

In 2009, Defendant was convicted of Possession with intent to Distribute Crack Cocaine, Possession of a Firearm during the commission of a drug trafficking crime and Possession of a Firearm by a convicted Felon. (ECF No 38.) On July 11, 2008, Defendant was found with distributable quantities of Crack cocaine and a firearm. When he was later indicted in October 2008 on this charge, arresting officers once again found him with a firearm. Defendant was a convicted felon and had recently discharge from parole during both of the incidents. Defendant pleaded guilty to the offenses and was sentenced to 240 months for Possession with intent to

Distribute Crack Cocaine, 60 months consecutive for Possession of a Firearm during the commission of a drug trafficking crime and 120 months for two counts of Possession of a Firearm by a convicted Felon to be run concurrently with his 240 months sentence for Possession with intent to Distribute Crack Cocaine. (ECF No 37.) Ultimately, Defendant received a 300-month sentence for the counts of his conviction combined.

Defendant was previously convicted of Unlawful Carrying of a weapon in 1998 at the age of 18, Driving while intoxicated, Burglary of a Habitation, Possession of a Controlled Substance (Cocaine), evading arrest with a vehicle, again for evading arrest with a motor vehicle and possession of a controlled substance in 2004. Defendant was released from state prison on January 4, 2008, only months before he committed the offenses underlying the conviction leading to the sentence defendant now seeks to challenge. (PSR ¶ 47). It is also worth noting that Defendant was arrested, once again, for evading arrest between the two separate events that made up this indictment. (PSR ¶ 55).

Based on Defendant's conduct and criminal history, the guideline range was 262 to 327 months for Counts One, Three and Four and at least 60 months consecutive for Count Two. (PSR ¶ 92.) After considering the sentencing factors in 18 U.S.C. § 3553(a), this Court selected a below guideline prison term of 240 months for Counts One, Three and Four followed by 60 months for Count Two, for a total of 300 months. (Judgment, ECF No. 37.)

### B. Defendant's Current Term of Imprisonment

The Defendant, listed under "Freddie Andrew Ramos" with Register Number: 29540-280, is currently scheduled for release on December 5, 2031. *See* Fed. Bureau of Prisons, "Find an Inmate," https://www.bop.gov/inmateloc/ (last visited June 22, 2026).

### C. Defendant's Previous Motions

Defendant appealed his sentence after conviction. The Fifth Circuit denied his appeal on June 11, 2010. (ECF No. 49.) On June 8, 2016, Defendant filed a Motion to Vacate under 28 USC §

2255. (ECF No. 52.) This motion was later amended, but eventually withdrawn and ultimately denied by this Court, United States District Judge Robert Pitman presiding. (ECF Nos. 54, 57-59.) On December 10, 2021, Defendant filed a motion with this Court seeking a sentence reduction under § 3582(c)(1)(A). (ECF No. 62.) On May, 19, 2022, the motion was denied by this Court, United States District Judge Alan Albright presiding. (ECF No. 66.) On May 5, 2026, the Defendant filed the current motion before the Court. (ECF No. 67.)

**D. Administrative Requests and Consideration**

On July 9, 2025, the Defendant submitted an administrative request for a sentence reduction. *See* Def. Mot. Exhibit.

**E. Defendant's Current Motion**

On May 5, 2026, the Defendant filed a motion with this Court seeking a sentence reduction under § 3582(c)(1)(A). (Def. Mot. 1, ECF No. 67.) The Defendant seeks relief because he claims he was sentenced under the Armed Career Criminal Act and U.S.S.G. sentencing enhancements that were used to increase his punishment dramatically but are no longer valid by virtue of *United States v. Johnson*, 135 S. Ct. 2551 (2015). Further, the Defendant alleges relief is warrant pursuant Section 404b.

**Argument**

A district court "generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). A motion for compassionate release invokes one of the "few" and "limited" exceptions to this general rule. *Ward v. United States*, 11 F.4th 354, 359, 361 (5th Cir. 2021). Under this exception, a defendant who has exhausted administrative remedies is eligible for a sentence reduction if a district court finds that (1) "extraordinary and compelling reasons warrant such a reduction" and (2) "such a reduction is consistent with applicable policy statements issued by the

Sentencing Commission." *Id.* at 359-60 (quoting § 3582(c)(1)(A)). If a district court finds those requirements satisfied, then the court "may" reduce the defendant's sentence "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable." *Id.* at 360 (quoting § 3582(c)(1)(A)). But a court's resolution of a compassionate-release motion is "inherently discretionary." *Id.* "[T]he burden falls on the defendant to convince the district judge to exercise discretion to grant the motion . . . after considering the Section 3553(a) factors." *Id.* at 361 (cleaned up).

## I. Defendant has not shown extraordinary and compelling reasons for a sentence reduction consistent with the applicable Sentencing Commission policy statement.

A court can grant a sentence reduction under § 3582(c)(1)(A) only if "extraordinary and compelling reasons" justify the reduction. The Fifth Circuit has explained that "extraordinary" means "beyond or out of the common order," "remarkable," and "singular." *United States v. Austin*, 125 F.4th 688, 691 (5th Cir. 2025) (cleaned up); *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023) (cleaned up). "Compelling," in turn, "means to drive or urge with force, or irresistibly, to force, and to subjugate." *Austin*, 125 F.4th at 692 (cleaned up); *Escajeda*, 58 F.4th at 186 (cleaned up). Thus, defendants can seek a sentence reduction for "extraordinary and compelling reasons" under § 3582(c)(1) "only when they face some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner." *Austin*, 125 F.4th at 692; *Escajeda*, 58 F.4th at 186.

On top of meeting this statutory standard, a defendant must show that the reasons offered for a sentence reduction are "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). That policy statement appears in section 1B1.13 of the Sentencing Guidelines. The Fifth Circuit held that a previous version of this policy statement that

applied "[u]pon motion of the Director of the Bureau of Prisons" did not bind a district court addressing a motion by a prisoner. *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). But the updated policy statement effective November 1, 2023, applies "[u]pon motion of . . . the defendant" as well. USSG § 1B1.13(a). So, any sentence reduction must now be consistent with that policy statement. *See Dillon*, 560 U.S. at 827 (treating similar phrase in § 3582(c)(2) as mandatory).

Defendant has identified no reason for a sentence reduction that is "extraordinary and compelling" and "consistent with [the] applicable policy statement[]," § 3583(c)(1)(A).

**A. Defendant's medical circumstances are not extraordinary and compelling reasons for a sentence reduction.**

**1. Defendant has not shown terminal illness.**

Section 1B1.13(b)(1) of the policy statement lists "[m]edical [c]ircumstances" that count as extraordinary and compelling reasons for a sentence reduction, but Defendant has not shown any of these circumstances. The Defendant mentions "severe, chronic depress" his motion but does not elaborate, nor does it appear to be of the nature which is extraordinary and would warrant release (Det Mot 7). Further he has not shown it to be a condition or impairment that substantially diminishes his ability to provide self-care in a correctional environment.

**B. Defendant has not shown other extraordinary and compelling reasons for a sentence reduction.**

Although a court may also consider "any other circumstance or combination of circumstances" that are "similar in gravity to" the medical-, age-, family-, and abuse-based circumstances described in the policy statement, USSG § 1B1.13(b)(5), Defendant has not shown any such reason.

The Defendant is attempting to raise an error in the conviction or sentence. Defendant relies on purported errors at sentencing to show extraordinary and compelling reasons for a sentence reduction. In particular, the Defendant is arguing the Armed Career Criminal Act and U.S.S.G. enhancements were inappropriately applied. But a defendant "cannot use § 3582(c) to challenge the legality or the duration of his sentence." *Escajeda*, 58 F.4th at 187. Instead, any such arguments must be raised in a motion or petition under Chapter 153 of Title 28, such as a motion under 28 U.S.C. § 2255. *Id.* at 186-88. Defendant could have raised the errors he alleges in a motion under 28 U.S.C. § 2255, so they are not cognizable in a motion under § 3582(c). *See id.* at 188.

**C. Defendant has not shown extraordinary and compelling reasons based on the length of his sentence.**

The Sentencing Commission purported to authorize courts to consider "a change in law (other than an amendment to the Guidelines Manual that has not been made retroactive)" if "a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment" and "such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." USSG § 1B1.13(b)(6). This Court should not reduce Defendant's sentence based on this portion of the policy statement.

**1. By its own terms, the policy statement on "change in law" does not apply to Defendant.**

Because Defendant does not meet the criteria in the policy statement, he does not show an extraordinary and compelling reason based on a change in law even if the Sentencing Commission acted within its statutory authority when promulgating that provision.

Section 3582(c)(1)(A) specifically instructs that any sentence reduction ordered by a court be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). An applicable policy statement is binding on the court, and the court therefore

may not grant a sentence reduction outside of the circumstances the Commission has detailed in Section 1B1.13. *See Dillon*, 560 U.S. at 826-27 (interpreting identical language as used in Section 3582(c)(2)). In subsection (c) of the policy statement, moreover, the Commission specifically instructed that "[e]xcept as provided in subsection (b)(6), a change in the law . . . *shall not be considered* for purposes of determining whether an extraordinary and compelling reasons exists." U.S.S.G. § 1B1.13(c) (emphasis added). Defendant does not meet the requirement of this subsection in support of his sentence reduction motion, even assuming that it was valid.

Specifically, the Defendant seeks a sentence reduction based on an amendment to the Sentencing Guidelines. But the policy statement expressly precludes reliance on "an amendment to the Guidelines Manual that has not been made retroactive" in establishing extraordinary and compelling reasons for a sentence reduction. USSG § 1B1.13(b)(6), (c). Instead, 18 U.S.C. § 3582(c)(2) and the policy statement applicable to retroactive guidelines amendments, USSG § 1B1.10, provide the exclusive avenue for a defendant to seek a sentence reduction under a retroactive guidelines amendment. *See* 18 U.S.C. § 3582(c)(2).

Nothing in the policy statement authorizes courts to find that such a judicial decision establishes an extraordinary and compelling reason for a sentence reduction. *See* USSG § 1B1.13(b)(6). First, Congress has specified that the remedy for claims of error in a conviction or sentencing lies through a direct appeal or a motion under 28 U.S.C. § 2255, the "remedial vehicle" Congress "specifically designed for federal prisoners' collateral attacks on their sentences." *Jones v. Hendrix*, 599 U.S. 465, 473 (2023); *see also Escajeda*, 58 F.4th at 187. Second, the sort of intervening judicial decision Defendant relies on does not make "change" in the law at all. The Defendant argues the changes to the statutory penalties for crack cocaine and the 2010 Fair

Sentencing Act, as well as the classification of his underlying Texas state felonies which made him an Armed Career Criminal. However, these changes do not warrant a sentencing reduction.

**2. The Sentencing Commission exceeded its authority in promulgating section 1B1.13(b)(6) of the policy statement.**

Defendants cannot rely on the part of the policy statement purporting to recognize changes in law as extraordinary and compelling reasons because the Sentencing Commission exceeded its authority in promulgating that part of the policy statement. Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for [a] sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). Such a delegation of authority, however, "is not unlimited." *Batterton v. Francis*, 432 U.S. 416, 428 (1977). "Just like any agency action, the Guidelines must 'bow to the specific directives of Congress.'" *Austin*, 125 F.4th at 692 (quoting *United States v. LaBonte*, 520 U.S. 751, 753, 757 (1997)). An agency cannot adopt an impermissible reading of the statute, such as a reading that defies the plain statutory text, *see id.*, or exceeds the gap left by Congress, *see Mayo Found. for Med. Educ. & Research v. United States*, 562 U.S. 44, 53-58 (2011); *Batterton*, 432 U.S. at 428.

The Commission's attempt to allow sentence reductions based on intervening changes in sentencing law is inconsistent with statute and therefore invalid. *See Austin*, 125 F.4th at 692. Section 3582 establishes a keystone of federal sentencing law: "A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon*, 560 U.S. at 819 (quoting 18 U.S.C. § 3582(c)). Although § 3582(c)(1)(A) allows an exception to that overarching principle, Congress clarified that this exception depends on a defendant showing a reason that is "extraordinary and compelling." 18 U.S.C. § 3582(c)(1)(A)(i). No reasonable interpretation of

that phrase, particularly considering the statute's structure and purpose, encompasses non-retroactive or intervening changes in law.

First, the Commission's policy statement clashes with the statute's plain text. As the Fifth Circuit has explained, "extraordinary" means "beyond or out of the common order," "remarkable," and "singular." *Austin*, 125 F.4th at 691 (cleaned up); *Escajeda*, 58 F.4th at 186 (cleaned up). "Compelling," in turn, "means to drive or urge with force, or irresistibly, to force, and to subjugate." *Austin*, 125 F.4th at 692 (cleaned up); *Escajeda*, 58 F.4th at 186 (cleaned up). Thus, defendants can seek a sentence reduction for "extraordinary and compelling reasons" under § 3582(c)(1) "only when they face some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner." *Austin*, 125 F.4th at 692; *Escajeda*, 58 F.4th at 186. Here, the Defendant argues the changes to the statutory penalties for crack cocaine and the 2010 Fair Sentencing Act, as well as the classification of his underlying Texas state felonies which made him an Armed Career Criminal. However, these changes do not warrant a sentencing reduction, as they are not retroactive.

Defendant relies on a non-retroactive statutory change. But "a non-retroactive change in the law is not an extraordinary and compelling reason to reduce a prisoner's sentence." *Austin*, 125 F.4th at 692. "A non-retroactive change in the law affects every prisoner previously sentenced under that provision in the exact same way" and "has zero effect on defendants already in prison." *Id.* So "a non-retroactive change in law is, by definition, neither an 'extraordinarily severe exigency' nor 'unique to the life of the prisoner.'" *Id.* (quoting *Escajeda*, 58 F.4th at 186). As the Fifth Circuit has explained, the Commission's contrary interpretation of the statute in § 1B1.13(b)(6) is invalid. *See id.* "[T]he Sentencing Commission cannot make retroactive what Congress made non-retroactive." *Id.* "And it certainly cannot do so through an interpretation of

'extraordinary and compelling' that conflicts with the plain meaning of those terms." *Id.* In Section 403(b) of the Act, however, Congress made the deliberate choice not to make that amendment applicable to defendants who had been sentenced before the Act's enactment, specifying that the change would apply only "if a sentence for the offense has not been imposed as of such date of enactment." *§ 403(b), 132 Stat. 5222*. In so doing, Congress adhered to "the ordinary practice" in "federal sentencing" of "apply[ing] new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced." *Dorsey*, 567 U.S. at 280; *cf.* 1 U.S.C. § 109 (general nonretroactivity provision).

Given Congress's deliberate choice not to make the First Step Act's changes applicable to defendants who had already been sentenced, "there is nothing 'extraordinary' about" the fact that Defendant's sentence reflects the statutory penalty that existed at the time he was sentenced. *Thacker*, 4 F.4th at 574. That sentence "was not only permissible but statutorily required at the time." *United States v. Maumau*, 993 F.3d 821, 838 (10th Cir. 2021) (Tymkovich, C.J., concurring). And when Congress enacted the First Step Act, it specifically declined to disturb Defendant's conviction, even as it made other (previous) statutory changes applicable to defendants previously sentenced. In Section 404 of the same Act, for example, Congress expressly enacted a mechanism allowing defendants convicted under certain drug statutes (those for which penalties had been modified by certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372) to seek retroactive application of those statutory changes in their cases. Section 404 authorizes a sentencing court to "impose a reduced sentence as if [those provisions] of the Fair Sentencing Act" had been in effect at the time of the defendant's offense. § 404(b), 132 Stat. 5222. However, the Defendant concedes he is not entitled to relief pursuant to § 404(b) due to *Terry v. United States*, as §841(b)(1)(C) offenses, such as the one the Defendant was convicted under, is

not included in § 404(b), as he the level of crack cocaine he had in his possession did not trigger a mandatory minimum. *Terry v. United States (2021),* 593 U.S. 486. (See Det. Mot. Page 25) The fact that the defendant does not qualify for a reduction pursuant to § 404(b), does not make his situation "extraordinary and compelling." The Defendant is attempting to circumvent established procedures, and use his ineligibility under one section, to serve as eligibility under another. This is improper and should not be entertained.

A nonretroactive change to a statutory provision likewise cannot constitute a "compelling" request for a sentence reduction. When Congress enacted the Sentencing Reform Act of 1984, "[c]ompelling" meant (and still means) "forcing, impelling, driving." *McCall* 56 F.4th at 1055 (quoting *Webster's* 463*).* Thus, for a reason to be "compelling" under Section 3582(c)(1)(A)(i), it must provide a "forcing, impelling, [or] driving" reason to disturb the finality of a federal sentence. *Id*. (internal quotation marks omitted). Even beyond the First Step Act's explicit determination not to apply amendments retroactively, ordinary principles of non-retroactivity already consider, and reject, the notion that changes in statutory law generally should be applied retrospectively. Congress enacts new sentencing statutes against a background principle, codified in 1 U.S.C. § 109, that a criminal statute does not change the penalties "incurred" under an older criminal statute "unless the repealing Act . . . so expressly provide[s]." The "strong presumption against statutory retroactivity" "is deeply rooted in our jurisprudence' and 'embodies a legal doctrine older than our Republic.'" 511 U.S. 244, 265 (1994)). To treat a nonretroactive change in the law as a "compelling" reason to disturb a final sentence would thus undo the balance already struck by ordinary nonretroactivity principles. Nothing about a non-retroactive change in the law forces, impels, or drives such a nonsensical outcome.

Any disparity between Defendant's sentence and the sentence he would receive today is the product of deliberate congressional design – namely, Congress's decision not to make the First Step Act's changes applicable to defendants who had already been sentenced. As the Supreme Court has recognized, such "disparities, reflecting a line-drawing effort, will exist whenever Congress enacts a new law changing sentences (unless Congress intends re-opening sentencing proceedings concluded prior to a new law's effective date)." *Dorsey*, 567 U.S. at 280. And treating Congress's express adherence to "ordinary practice" in federal sentencing, *id.*, "as simultaneously creating an extraordinary and compelling reason for early release" would contravene various canons of constructions, *Andrews*, 12 F.4th at 261.

Accordingly, a nonretroactive change in the law cannot serve as either an "extraordinary" or a "compelling" reason for a sentence reduction in isolation or as adding to a package of such "reasons." 18 U.S.C. § 3582(c)(1)(A)(i). Whether considered alone or in combination with other asserted factors, the possibility that a previously sentenced defendant might receive a lower sentence if he were sentenced today is a "legally impermissible" consideration for purposes of determining whether an extraordinary and compelling reason exists. *Jenkins*, 50 F.4th at 1202 (internal quotation marks omitted); *see United States v. Jarvis*, 999 F.3d 442, 444 (6th Cir. 2021) (explaining that a prospective change to sentencing law is a "legally impermissible ground" for finding an "extraordinary and compelling reason," even when it is "combined with" other considerations).

**3. Defendant cannot establish that changes in law produce a grossly disproportionate sentence.**

In any event, Defendant's claim is incorrect: He would not necessarily receive a shorter sentence under current law. The sentence which was received by Defendant was a reasonable

"Guideline" sentence followed by the minimum mandatory sentence pursuant to 924(c). The Court could have sentenced the Defendant to more years. Based on Defendant's criminal history and behavior during the offenses of conviction, the sentence was warranted. The Defendant had just been released from Texas Department of Criminal Justice for a parole violation and revocation, when initially arrested by WPD. The Defendant had a firearm and crack cocaine in his possession. During the arrest, after officers asked the Defendant to exit his vehicle, "the officers noted Ramos looked straight ahead and out through the driver's window, took a deep breath, and threw the vehicle in drive and gave it gas in an attempt to try to evade the officers (PSR ¶ 9)." Further, after apprehension he had to be taken to the emergency room because he admitted to ingesting (eating) a half ounce of methamphetamine he had hidden in his sock to avoid law enforcement finding it (PSR ¶ 14). Later, in October of 2008, when the Defendant was arrested on the federal warrant, he was the driver of a vehicle, in which he had a "crack" pipe containing a white rock-like substance in his lap and a revolver containing six live rounds of ammunition (PSR ¶ 18). The Defendant has a criminal history score of 13, making the Defendant a category of IV (PSR ¶ 46, 48).

**II. Defendant has not shown that he is not a danger to the safety of any other person or the community.**

The policy statement on sentence-reduction motions directs courts to consider whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." USSG § 1B1.13(2). Section 3142(g) directs a court to consider factors such as the nature and circumstances of the defendant's offense and the defendant's history and characteristics. 18 U.S.C. § 3142(g).

Defendant has not shown he would not pose a danger if released. The Defendant's criminal history score was 13, with a category IV (PSR P. 19). Further, he admitted to having a "daily" methamphetamine habit (PSR ¶ 69). The Defendant has not provided a release plan, nor any plans to address his addiction or mental health issues, if he was to be released. The Government asserts this is problematic and the Defendant request for a reduction should be denied, as his discipline history from his time in BOP has been lengthy. Specifically, the Defendant has had the following infractions (in descending order):

12-3-2024 – Defendant had Tabacco

07-29-2024 – Defendant was absent from assignment

04-14-2024 – Defendant admits to using buprenorphine & amphetamines

02-11-2024 – Defendant was using drugs/ narcotics not prescribed by medical staff

12-14-2023 – Defendant admits to using methamphetamines, amphetamines & buprenorphine

10-08-2023 – Defendant admits to using buprenorphine

09-19-2023 – Defendant admits to using buprenorphine

11-09-2022 – Defendant admits to use of drug/ alcohol

01-25-2022 – Defendant sanctioned for being unsanitary or untidy

11-10-2021 – Defendant sanctioned for being unsanitary or untidy

10-08-2021 – Defendant admits to possessing drug/ alcohol

10-11-2021 – Defendant sanctioned for destroying property $100 or less

07-14-2021 – Defendant was using drugs/ narcotics not prescribed by medical staff

07-07-2021 – Defendant was using drugs/ narcotics not prescribed by medical staff

06-07-2021 – Defendant admits to possessing buprenorphine

12-20-2020 – Failing to stand count

01-08-2020 – Defendant admits to assault without serious injury

11-30-2018 – Defendant giving/ accepting money without authorization and mail abuse

06-19-2018 – Defendant giving/ accepting money without authorization

05-12-2017 – Defendant admitted to use of narcotics

02-22-2017 – Defendant admitted to phone abuse

01-30-2017 – Defendant admitting to using another inmate's phone account

10-27-2016 – Inmate admitted to possessing a homemade hypodermic needle kit

07-14-2016 – Defendant admitted to possessing heroin

04-06-2016 – Defendant admits to using drugs/ alcohol

02-13-2016 – Defendant misusing medication

05-05-2014 – Defendant admits to possessing heroin and a weapon

01-17-2014 – Defendant was absent from assignment

12-09-2013 – Defendant admits to possessing heroin

08-03-2013 – Defendant admits to possessing a "ice pick" type weapon

08-03-2013 – Defendant admits to possessing 5 bindles of tobacco

02-19-2013 – Defendant admits to using narcotics

12-11-2012 – Defendant admits use of narcotics (opiates and amphetamines)

08-05-2012 – Defendant possessed drugs/ alcohol

09-20-2010 – Defendant was exchanging money for contraband and phone abuse

09-14-2010 – Defendant possessed an unauthorized item

01-06-2010 – Defendant was sanctioned for indecent exposure

08-25-2009 – Defendant failed to follow safety regulations

Admittedly, some of these citations were for BOP rules and regulations, which show the Defendant's lack of respect for authority. However, more disturbing is there were over 15 times that involved for narcotics use and other times that involved improper medication. The Defendant possessed tobacco, committed assault, indecent exposure and was found in possession of weapons. This is not a Defendant that should be released. (See Government's Exhibit A.)

**III. Defendant has not shown that the sentencing factors in 18 U.S.C. § 3553(a) support a reduced prison term.**

This Court must also consider the sentencing factors in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020). At Defendant's sentencing, this Court determined that those factors supported his current sentence of 300 months. (Judgment 2.) Those factors continue to support that sentence rather than the reduced sentence Defendant seeks.

- **Nature and circumstances of offense, § 3553(a)(1), and seriousness of offense, § 3553(a)(2)(A). ).** The nature, circumstances, and seriousness of Defendant's offense remain unchanged and reinforce the just nature of this Court's sentence. Defendant was convicted of not one, but two instances of being a felon in possession and on one of those instance Defendant possessed distributable amounts of crack cocaine at the same time. Given the seriousness of the conduct, Defendant was fortunate already that the Court awarded a guideline sentence below as to Counts One, Three and Four to be followed by the 60-month sentence in Count Two, which could have led to a life sentence.
- **Defendant's history and characteristics, § 3553(a)(1).** Defendant was previously convicted of Unlawful Carrying of a weapon in 1998 at the age of 18, Driving while intoxicated, Burglary of a Habitation, Possession of a Controlled Substance (Cocaine), evading arrest with a vehicle, again for evading arrest with a motor vehicle and possession of a controlled substance in 2004. Defendant was released from state prison onto parole on January 4, 2008, only months before he committed the offenses underlying the conviction leading to the sentence defendant now seeks to challenge. (PSR ¶ 47). Defendant had a Criminal History Category VI at the time of his sentencing, when he was only 29 years old. (PSR P. 3).

- **Need to protect public and deter further crimes, § 3553(a)(2)(B)-(C).**

  Defendant was only out of custody for six months and on parole when he began committing the crimes leading to this conviction. He was released from state prison on January 8, 2008. (PSR ¶47). On July 11, 2008, he as was distributed crack cocaine, as an armed convicted felon. PSIR ¶6-16. Defendant was indicted for those offenses, and when officers when to arrest him, he had rearmed himself once again. (PSR ¶17-18). Intervening those two events in 2008, Defendant was once again arrested for evading arrest. (PSR ¶55). Defendant was and is a danger to the community and has never stopped committing significant crimes as an adult unless he was in prison.

- **Sentencing guidelines and unwarranted sentencing disparities, § 3553(a)(3)-(6).** The reduction Defendant seeks would ignore the sentencing guidelines and result in a sentence dramatically less than the 262- to 327-month sentence those guidelines recommended. (PSR ¶ 92.) By ignoring the guidelines, a reduced sentence would disregard the need to avoid unwarranted sentence disparities among similarly situated defendants. *See Hughes v. United States*, 138 S. Ct. 1765, 1774 (2018) ("A principal purpose of the Sentencing Guidelines is to promote uniformity in sentencing imposed by different federal courts for similar criminal conduct.") (cleaned up). Moreover, Defendant already received a benefit at his original sentence when the Court chose to go below those guidelines and give Defendant a 240-month sentence on Counts One, Three and Four and a sentence of 60 months on Counts Two.

In sum, Defendant has failed to show that the sentencing factors in § 3553(a) support the reduced sentence he seeks.

**Conclusion**

For all these reasons, this Court should deny Defendant's motion.

Respectfully submitted,

JUSTIN R. SIMMONS
United States Attorney

By: */s/ Mary F. Kucera*

MARY F. KUCERA
Assistant United States Attorney
800 Franklin, Suite 28
Waco, TX 76701
(254) 750-1580

## Certificate of Service

I certify that on June 22, 2026, I electronically filed this document with the Clerk of Court using the CM/ECF system.

☐ The CM/ECF system will send notification to the following CM/ECF participant(s):

☒ I also certify that I have mailed this document by United States Postal Service to the following non-CM/ECF participant(s):

Fred Andrew Ramos, #29540-280
USP Hazelton
P. O. Box 2000
Bruceton Mills, WV 26525

*/s/ Mary F. Kucera*
MARY F. KUCERA
Assistant United States Attorney

United States District Court
Western District of Texas
Waco Division

| | | |
|---|---|---|
| United States of America<br>Plaintiff<br><br>v.<br><br>FRED ANDREW RAMOS<br>Defendant | | No. 6:08-CR-00174 |

# ORDER

Defendant FRED ANDREW RAMOS has moved under 18 U.S.C. § 3582(c)(1)(A) for a reduction in his term of imprisonment. After a complete review of that motion and all related filings as well as the requirements of 18 U.S.C. § 3582(c)(1)(A) and the sentencing factors in 18 U.S.C. § 3553(a), Defendant's motion is DENIED because (check all that apply):

- ☐ Defendant has not fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to file a motion on Defendant's behalf and 30 days have not lapsed from the receipt of such request by the warden of Defendant's facility.
- ☐ The reasons articulated by Defendant for a reduction are neither extraordinary nor compelling.
- ☐ Defendant has not shown that he is not a danger to the safety of any other person or the community.
- ☐ The sentencing factors in 18 U.S.C. § 3553(a) do not support a reduced prison term.

Signed: ______________________ ______________________________

United States District Judge