UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | No. W-08-CR-00174(1)-ADA |
| | § | |
| FREDDIE ANDREW RAMOS #29540-280 | § | |

ORDER

Upon the motion of the defendant for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors set forth in 18 U.S.C. § 3553(a), the Court denies Defendant's motion.

In 2009, Defendant was convicted of Possession with Intent to Distribute Crack Cocaine, Possession of a Firearm during the commission of a drug trafficking crime, and Possession of a Firearm by a Convicted Felon. On July 11, 2008, Defendant was found with distributable quantities of crack cocaine and a firearm. When he was later indicted in October 2008, arresting officers once again found him with a firearm. Defendant was a convicted felon and had been recently discharged from parole during both incidents. Defendant pleaded guilty to the offenses and was sentenced to 240 months for the drugs, 60 months consecutive for possessing a firearm during the commission of a drug trafficking crime, and 120 months concurrent for possessing a firearm by a felon for a total sentence of 300 months. Defendant's projected release from prison is December 5, 2031.

After a complete review of the motion on the merits, the Court finds no compelling or extraordinary reasons for a sentence reduction. Defendant primarily challenges the legality of his sentence. However, such matters must be raised on appeal or in a motion filed pursuant to 28 U.S.C. § 2255. *See Fernandez v. United States,* ___ U.S. ___, 146 S. Ct. 1292 (2026) (holding a prisoner who collaterally attacks the validity of his conviction must proceed through 28 U.S.C.

§ 2255, not 18 U.S.C. § 3582). The Court additionally finds that the § 3553(a) factors do not support an early release in this case. The Court previously discussed those factors in its May 19, 2022 Order, which reasons are incorporated herein.

In sum, the nature and circumstances of Defendant's offense and his history and characteristics do not justify a reduced sentence. Reducing Defendant's sentence will not adequately reflect the seriousness of his offense, promote respect for the law, provide just punishment for the offense, adequately deter criminal conduct, or protect the public from further crimes. No sentence reduction is needed to provide Defendant with medical care. *See* 18 U.S.C. § 3553(a).

It is therefore ORDERED that the Motion for Compassionate Release, filed on May 5, 2026, is DENIED.

SIGNED on July 21, 2026.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE